IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BENNY R. SMITH,**

        **Plaintiff,**

    **v.**                                          CASE NO. 18-3288-SAC

**RON BAKER, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner in state custody, brings a civil rights complaint under 42 U.S.C. § 1983. He alleges that the defendant prison officials, an interim warden and a deputy warden, have subjected him to racial discrimination, violated his due process and equal protection rights, seized his television, censored his mail, allowed other prisoners to taunt and touch him, and subjected him to retaliation for his decision to seek protective custody rather than remain in the general population. He seeks the replacement of his property and an order to cease and desist the censorship of his telephone calls and outgoing correspondence.

Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

The Prison Litigation Reform Act substantially changed the manner in which indigent prisons may proceed in the United States District Courts. In particular, Section 1915 now provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records from the District of Kansas reflect that plaintiff has filed at least ten cases in this court and that at least three of those cases, or related appeals, were dismissed on grounds qualifying as a strike under § 1915(g).[1]

The Court has carefully reviewed the complaint and the attachments materials submitted by the plaintiff. The claims presented appear primarily to concern plaintiff's difficulty in contacting family members by telephone and his frustration with the seizure of his television set after his incentive level, an administrative rating within the prison system, was reduced due to disciplinary infractions. While the complaint also includes allegations that unnamed prison officials have caused "the fumigation of dangerous chemical in [plaintiff's] cell vent" and that plaintiff was exposed to fumes from multiple fires set by another prisoner, Doc. #1, pp. 14 and 18, these claims do not suggest that plaintiff is in imminent danger, nor does the relief he seeks appear related to these claims.

On the present record, the Court finds that plaintiff has not met the criterion of imminent danger of serious injury that would allow him to proceed in forma pauperis. The Court will deny the motion to proceed in forma pauperis and must require plaintiff to pay the full

---

[1] The qualifying cases are: (1) Case No. 03-3242, *Smith v. Bruce* (dismissed for failure to state a claim for relief); (2) Case No. 04-3043, *Smith v. Peterson* (10th Cir., appeal from Case No. 03-3242)(appeal dismissed as frivolous); and (3) Case No. 04-3068, *In re Benny R. Smith*, (10th Cir., appeal from Case No. 04-3025)(Notice of Appeal, construed as a petition for mandamus and denied as frivolous).

filing fee.

Plaintiff also moves for the appointment of counsel (Doc. #3). As a party to a civil action, plaintiff has no constitutional right to the appointment of counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the Court has discretion to appoint counsel and must consider factors including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)(internal citations and quotations omitted). It is not enough "that having counsel appointed would have assisted [the plaintiff] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d 1218, 1223 (10th Cir. 2006).

At this point, the Court has not yet determined whether plaintiff's claims may proceed. The Court therefore will deny the request without prejudice. Likewise, while plaintiff moves for the service of process by a U.S. Marshal (Doc. #4), the Court will take no action on this request until a determination is made on whether this matter should proceed.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is denied. Plaintiff is granted to and including January 4, 2019, to submit the $400.00 filing fee in this matter.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. #3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 4th day of December, 2018, at Topeka, Kansas.

                                              S/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge